# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| DIONNE C. MCKINNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17-cv-00787-MHH-TMP |
| ) | |
| JIMMY KILGORE, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

On June 2, 2017, the magistrate judge notified plaintiff Dionne C. McKinney that his original complaint was deficient and directed Mr. McKinney to correct the deficiencies consistent with instructions set out in the order. (Doc. 6). The magistrate judge's June 2, 2017 order stated:

> Although the plaintiff has provided some allegations to support his claims, he has not stated clearly how each named defendant violated his constitutional rights, the date(s) on which the incident(s) occurred, and where the incident(s) occurred. The plaintiff must clearly set forth the facts that support his claims against the defendants. The plaintiff is **ADVISED** that conclusory and general assertions are not sufficient to state a claim upon which relief under § 1983 can be granted. *See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).
>
> The amended complaint must include all of the plaintiff's claims in this action; IT SHOULD NOT REFER BACK TO THE ORIGINAL COMPLAINT. The plaintiff is **ADVISED** that the Court will consider only the claims set forth in the amended complaint. After completing the new complaint form, the plaintiff should mail it to the Clerk of the Court.

(Doc. 6, pp. 1-2). On June 14, 2017, Mr. McKinney filed an amended complaint. (Doc. 9).

On October 20, 2017, the magistrate judge entered a report, pursuant to 28 U.S.C. § 1915A(b)(1), in which he recommended that the Court dismiss without prejudice for failing to state a claim upon which relief may be granted all claims in this action except Mr. McKinney's Fourteenth Amendment equal protection claim against defendants Sheriff Jimmy Kilgore, Chief Deputy Ken Flowers, Jail Administrator Ron Smith, and Assistant Jail Administrator Jason Shea Brown for creating and implementing a discriminatory outdoor exercise policy on the basis of sex, and Mr. McKinney's First Amendment claim against defendant Mail Clerk Jo Liner for rejecting his letters. (Doc. 10). The magistrate judge recommended that the Court refer back to the magistrate judge for further proceedings Mr. McKinney's claims against defendants Kilgore, Flowers, Brown, Smith, and Liner. (Doc. 10, p. 20). The magistrate judge advised Mr. McKinney of his right to file specific written objections within 14 days and instructed him that:

> [o]bjections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objection. Failure to object to factual findings will bar later review of those findings, except for plain error. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013). Objections also should specifically identify all claims contained in the complaint that the report and recommendation fails to address. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

(Doc. 10, pp. 20-21). On November 11, 2017, Mr. McKinney filed objections to the report and recommendation. (Doc. 11).

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The Court reviews for plain error proposed factual findings to which no objection is made, and the Court reviews propositions of law *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

Mr. McKinney organizes his objections into three paragraphs that contain legal terms intermingled with various facts. (Doc. 11, pp. 1-6, ¶¶ 1, 6, 10). Each paragraph is followed by numbered "Statement[s] of Claims," all of which are comprised of conclusory legal declarations against various named defendants that, in large part, are not contained in the amended complaint. (Doc. 11, pp. 3-7).

In paragraph one, Mr. McKinney objects to the dismissal of his Fourth and Fourteenth Amendment claims for unreasonable search and detention beginning March 21, 2017, against Kilgore, Flowers, Smith, and Brown. (Doc. 11, pp. 1-2). Citing *Dionne McKinney v. Jeb Fannin, et al.*, Case No. 1:17-cv-00596-VEH-TMP (N.D. Aug. 3, 2017), Mr. McKinney asserts that United States District Judge Virginia Emerson

3

Hopkins "stated that" on March 21, 2017, Agent Ledbetter, Sgt. Michael Smith, and County Clerk Brian York conspired to violate his Fourth and Fourteenth Amendment rights with "an unreasonable form complaint-arrest warrant. . . unaccompanied by a separate affidavit" or a probable cause determination by "a judicial officer." (Doc. 11, pp. 1-2). Therefore, Mr. McKinney argues that Kilgore, Flowers, Smith, and Brown violated his Fourth and Fourteenth Amendment rights because they "knew or should have known" the warrant violated the Fourth Amendment and was issued "without due process." (Doc. 11, pp. 2-3).

Following this paragraph, Mr. McKinney makes several Statements of Claims. For example, Mr. McKinney states:

> 3. Statement of Claim
>
> (Conspiracy) Defendant Talladega County Chief Deputy Sheriff Ken Flowers acting under color of state law, willfully deprived the plaintiff of his liberty without Due Process of Law, under the Constitution and Law(s) of the United States.

(Doc. 11, p. 3). He makes the same conclusory "statement" against defendants Ron Smith and Jason Shea Brown. (Doc. 11, pp. 3-4). As for Sheriff Kilgore, Mr. McKinney writes, "(False Imprisonment)" followed by another conclusory declaration of a due process violation. (Doc. 11, p. 3).

A review of Judge Hopkins's memorandum opinion (Doc. 9 in Case No. 1:17-cv-00596-VEH-TMP) reveals that Judge Hopkins actually rejected Mr. McKinney's Fourth and Fourteenth Amendment claims against the named defendants for failure to

state a claim upon which relief can be granted and denied a motion to amend the complaint to state additional Fourth and Fourteenth Amendment claims on futility grounds. Thus, Mr. McKinney's reliance upon that case to support conclusory Fourth and Fourteenth claims against defendants Kilgore, Flowers, Smith, and Brown is unpersuasive.

In paragraph six, Mr. McKinney summarily repeats his belief that the Fourteenth Amendment Due Process Clause entitles him, as a pretrial detainee, to one hour of outside exercise per day. (Doc. 11, p. 4). He then references an equal protection claim pertaining to outdoor exercise. (Doc. 11, p. 4). Following this paragraph, Mr. McKinney sets forth Statements of Claims against defendants Kilgore, Smith, and Brown. (Doc. 11, pp. 4-5). As to defendant Kilgore, Mr. McKinney writes, "(Deliberate Indifference)" followed by a conclusory assertion that Kilgore deprived him "of Equal Protection." (Doc. 11, p. 4). Beside the names of defendants Smith and Brown, Mr. McKinney writes "(Abuse of Discretion)" followed by a conclusory assertion that these defendants deprived him of "liberty without due process of law." (Doc. 11, p. 5).

The magistrate judge instructed Mr. McKinney not to repeat legal arguments in his objections. Mr. McKinney not only repeats his due process and equal protection claims pertaining to outdoor exercise in conclusory fashion, he also references the equal protection claim that the magistrate judge recommended go forward. Mr. McKinney has failed to point to errors of fact or law in the magistrate judge's report and recommendation as to these claims. Therefore, the Court overrules his objections to the dismissal of his Fourteenth Amendment due process outdoor exercise claims.

Finally, in paragraph ten, Mr. McKinney generally repeats in similar conclusory fashion his First Amendment claims against defendant Jo Liner for rejecting his mail. (Doc. 11, p. 5). Mr. McKinney asserts that Liner violated his First Amendment rights when she censored, interfered with, and confiscated his mail and that defendants Kilgore, Flowers, Smith, and Brown "condoned" the conduct. (Doc. 11, p. 5). Mr. McKinney sets forth no facts to support his conclusory assertion that Kilgore, Flowers, Smith, or Brown condoned Liner's actions.

Next, Mr. McKinney reasserts (again in conclusory fashion) his Fourteenth Amendment claims against defendants Liner, Brown, Flowers, Smith, and Kilgore for failing to send his legal correspondence postage pre-paid by certified mail, and Mr. McKinney attempts to assert new First and Fourth Amendment claims based upon the same factual allegations. (Doc. 11, pp. 5-6). As to the Fourteenth Amendment claim, Mr. McKinney appears to argue that the failure to send his legal mail in the manner he desired constitutes punishment and as a "pre-trial detainee," he had a right "not to be punished prior to a lawful conviction." (Doc. 11, p. 6). Mr. McKinney did not raise this allegation in his amended complaint, and he alleges no facts suggesting punishment had any bearing on the defendants' purported failure to send his legal correspondence postage pre-paid by certified mail.

Mr. McKinney's attempt to state First and Fourth Amendment claims against the defendants for the type of postage used to send his legal correspondence is futile. "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment . . .' must

6

be the guide for analyzing the[] claims.'" *Albright v. Oliver*, 510 U.S. 266, 813 (1994) (quoting *Graham v. Connor,* 490 U.S. 386, 395 (1989)). The specific source needed to address these allegations lies in the Fourteenth Amendment.

In the Statements of Claims following paragraph 10, Mr. McKinney writes ("Abuse of Process"), accusing defendant Kilgore of depriving him "of his liberty without due process." (Doc. 11, p. 6). In several Statements of Claims against defendant Liner, Mr. McKinney writes, "(Deliberate Intention)," "(conspiracy)," "(negligence)" and "(state law outrage)", but after each of these phrases, Mr. McKinney asserts that Liner deprived him "of his liberty without due process." (Doc. 11, pp. 6-7).

Mr. McKinney's Fourteenth Amendment claim that he was punished as a pretrial detainee by the failure to apply the postage he desired to his legal mail fails to state a claim upon which relief can be granted. The added and wholly conclusory characterization of such a claim as abuse of process, deliberate intention, or conspiracy is equally unavailing.

To the extent that Mr. McKinney is attempting to set forth state law negligence and outrage claims against defendant Liner for failing to utilize the postage method he desired to mail his legal correspondence, the Court **DECLINES** to exercise supplemental jurisdiction over these claims.[1]

---

[1] Even if the Court were to exercise supplemental jurisdiction over Mr. McKinney's purported state law outrage claim, the Court would dismiss the claim for failure to state a claim upon which relief can be granted. Under Alabama law, to state a claim for outrage, a plaintiff must allege facts showing that (1) the defendant "either intended to inflict emotional distress, or knew or should have known that emotional distress was likely to result from her conduct;" (2) the conduct in question "was extreme and outrageous;" and (3) the "conduct caused emotional

Having considered the materials in the court file, including the report and recommendation and Mr. McKinney's objections, the Court adopts the magistrate judge's report and accepts his recommendation.

The Court, pursuant to 28 U.S.C. § 1915A(b), dismisses without prejudice all claims against all defendants except Mr. McKinney's Fourteenth Amendment equal protection claim against defendants Sheriff Jimmy Kilgore, Chief Deputy Ken Flowers, Jail Administrator Ron Smith, and Assistant Jail Administrator Jason Shea Brown for creating and implementing a discriminatory outdoor exercise policy on the basis of sex and Mr. McKinney's First Amendment claim against defendant Mail Clerk Jo Liner for rejecting his letters. The Court refers these remaining claims to the magistrate judge for additional proceedings.

**DONE** and **ORDERED** this May 2, 2018.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

distress so severe that no reasonable person could be expected to endure it." *Stabler v. City of Mobile*, 844 So. 2d 555, 560 (Ala. 2002). "By extreme we refer to conduct so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *American Road Serv. Co. v. Inmon*, 394 So. 2d 361, 365 (Ala. 1980). Thus, "outrage is a very limited cause of action that is available only in the most egregious circumstances." *Thomas v. BSE Indus. Contractors, Inc.*, 624 So. 2d 1041, 1044 (Ala. 1993). In Alabama, the tort of outrage has been limited to three circumstances: "wrongful conduct in the family-burial context," "barbaric methods employed to coerce an insurance settlement," and "egregious sexual harassment." *Potts v. Hayes*, 771 So. 2d 462, 465 (Ala. 2000).